REED, Judge
(dissenting).
In my opinion the trial court had the authority to require the appellant to join in the mortgage. F.S. Section 65.09, F.S.A., *483 has been amended and renumbered as F.S.1967, Section 61.09, F.S.A. The pertinent part of this statute now reads:
“Alimony unconnected with divorce.— If any of the causes of divorce in § 61.041, exist in favor of wife or if any husband having ability to maintain or contribute to the maintenance of his wife * * * fails to do so and she is living with her husband or apart from him through his fault, she may obtain alimony * * * without seeking a divorce and the court has jurisdiction to grant such temporary and permanent alimony * * * suit money and attorney’s fees as the circumstances of the parties render equitable and to make such orders as are necessary to secure such sums to her * * *» (Emphasis added.)
The emphasized language in my judgment provided authority for the trial court’s order with respect to the mortgage, and the record before us provides no basis upon which we may conclude that the trial court abused its discretion in the exercise of such authority. I would affirm in its entirety the order appealed. To this extent only, I disagree with the majority opinion.